IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRIANDUS TABB, #R-41511, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-479-MJR |
| ) | |
| MICHAEL RANDLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, Triandus Tabb, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff Triandus Tabb claims that on January 6, 2010, he was ordered by Defendant Anderton to remove all his clothing, then to dress only in state-issued "blues" and shower shoes. He was not allowed to put on socks, underwear, t-shirt or regular shoes. He was then handcuffed and escorted out of his cell by Defendants Anderton, Wengler, Porter, and John Doe Correctional Officers One, Two, Three, Four, Five, Six, and Seven, all of whom are members of the "tact team." Despite Plaintiff's lack of resistance, John Doe Defendants Four, Five, Six and Seven pushed and shoved him. The Defendants took Plaintiff outside into the 18-degree temperature for ten to fifteen minutes, then took him into the gymnasium. Inside the gym, Plaintiff was told to stand facing the wall and not to move. He remained in this position for approximately one to two hours. During this time, Plaintiff was not permitted by Defendants Anderton, Bradley, Pickering,

Porter, Wangler, and John Does Eight, Nine, and Ten, to use the rest room and he urinated on himself because he could not hold his bladder.  Plaintiff also complains that he became light headed and was refused medical treatment by Defendants Anderton, Bradley, Pickering, Porter, Wangler, and John Does Eight, Nine, and Ten.  Numerous other inmates were also inside the gym and were denied access to the rest room or medical treatment.  Eventually the defendants took Plaintiff back to his cell, again walking the approximate 100 yard distance from the gym to the housing unit, outdoors in the below-freezing temperature.   Plaintiff asserts that these actions by the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and constituted deliberate indifference to his medical needs and unsafe conditions.

Plaintiff filed a grievance over this incident, which was denied by Defendant Goetting. His appeal of the decision was denied on May 14, 2010, by Defendants Benton and Randle.

Plaintiff seeks a jury trial, a declaratory judgment that his constitutional rights were violated, a preliminary and permanent injunction, compensatory damages of $350,000 jointly and severally against each defendant, punitive damages of $350,000 against each defendant, and costs.

**Motion for Leave to Amend Complaint**

Plaintiff's original complaint was filed on July 2, 2010.  On August 4, 2010, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. 5), seeking to add a retaliation claim. Plaintiff did not tender his proposed amended complaint (Doc. 6) until October 19, 2010, more than two months after filing his Motion for Leave to Amend.  Federal Rule of Civil Procedure 15(a)(2) dictates that leave to amend a pleading "shall be given whenever justice so requires," and Rule 15(a)(1) expressly grants a party one opportunity to amend a pleading "as a matter of

course" before a responsive pleading is served. However, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Local Rule 15.1. Because Plaintiff did not tender his proposed amended complaint along with his motion, the Motion for Leave to File Amended Complaint must be denied, and only the allegations contained in the original complaint will be considered below.

**Discussion**

Plaintiff complains that being marched outdoors in the cold temperature with inadequate clothing, followed by standing in place in the gymnasium for one to two hours and having to urinate on himself because he was denied access to the bathroom, amount to cruel and unusual punishment in violation of the Eighth Amendment. The actions described by Plaintiff occurred during a shakedown of his housing unit, involving not only Plaintiff, but many other inmates. Thus, maintaining security while inmates were out of their cells was a concern.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element, which concerns the prison officials' intent – whether they "acted wantonly and with a sufficiently culpable state of mind." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). "Wanton" is defined differently depending on the context. For example, in a prison disturbance situation, wantonness is acting "maliciously and sadistically for the very purpose of causing harm;" however, in a case involving inadequate conditions of confinement, a "deliberate indifference"

standard would be applied. *Id.* (citing *Wilson v. Seiter* 501 U.S. 294 (1991); *Whitley v. Albers*, 475 U.S. 312 (1986); *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The walk outdoors from the housing unit to the gym wearing only thin prison garb and shower shoes was doubtless uncomfortable, yet this discomfort lasted only ten to fifteen minutes each way for a distance of 100 yards, by Plaintiff's own description. This level of exposure to the cold is not sufficiently serious to state a claim for constitutional deprivation. *See Mays v. Springborn*, 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner's complaint about inadequate winter clothing "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter.") Plaintiff has not shown an objectively serious deprivation of his rights, nor has he described behavior on the part of the Defendants that rises to the level of deliberate indifference under these circumstances. Rather, the incident Plaintiff describes is the type of "occasional discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Lunsford*, 17 F.3d at 1581 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The lack of access to toilet facilities for a relatively short period of time has been held not sufficiently serious to state a claim of constitutional dimension. *See, e.g., Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Ledbetter v. City of Topeka, Kansas,* 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment). Even though Plaintiff suffered the indignity of having to urinate on himself due to the Defendants' refusal to allow him to use the restroom, the court finds that this isolated incident, in the context of the need to secure inmates

during a shakedown of the housing unit, does not violate his constitutional rights.  *See Decker v. Dunbar*, 633 F. Supp. 2d 317, 341-42 (E.D. Tex. 2008), *affirmed*, 358 Fed. Appx. 509 (5th Cir. 2009); *cert. denied*, 131 S. Ct. 96 (2010); *reh'g denied*, No. 09-10655, 2011 WL 55866 (Jan. 10, 2011) (inmate urinated on himself after being denied access to restroom while prisoner count was completed; verification of count was a reasonable basis for delay and did not show deliberate indifference; inmate did not suffer any physical injury that was not de minimis).  Plaintiff here has made no showing that Defendants acted either wantonly or with deliberate indifference, or that he has suffered any physical injury.

Plaintiff also complains that some Defendants used excessive force against him while removing him from his cell, pushing and shoving him despite the fact he offered no resistance and followed their orders.  Plaintiff does not allege any injuries as a result of this treatment.  This is the very type of de minimis use of force that has been held not to amount to cruel and unusual punishment, and Plaintiff thus again fails to state a claim.  *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (isolated act of shoving prisoner was de minimis use of force, prisoner suffered bruising that did not appear serious).

Finally, Plaintiff states he was denied medical attention while in the gym.  He alleges he felt light-headed from standing in one position for one to two hours, but does not describe any other maladies or injuries.  While prison officials may violate a prisoner's constitutional rights through deliberate indifference to serious medical needs, Plaintiff's complaint fails to state a claim because he has not shown that his "light-headedness" amounted to a serious condition requiring any medical attention.  The objective element of a deliberate indifference claim requires a prisoner to show a medical condition "that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Neither the objective nor the subjective element has been shown here.

Plaintiff has named a number of additional defendants in the caption of his complaint: Randle, Benton, Davis, Wilson, Dentalman, Deen, Goetting, and Bebont. However, the statement of claim does not include any allegations of wrongdoing against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In addition, some of these defendants appear to have been named solely because they are in supervisory positions. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978). Because Plaintiff has not made any specific allegations against these defendants or described any actions personally taken by any of them that deprived Plaintiff of any constitutional rights, these defendants must be dismissed from the action.

**Pending Motions**

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 5) is **DENIED** for the reasons stated above.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state any claim upon which relief may be granted, and it is thus **DISMISSED** against **ALL DEFENDANTS** without prejudice.  This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).  Should Plaintiff wish to re-file this action, a new filing fee will be assessed.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:**        2/10/2011

s/ Michael J. Reagan

**MICHAEL J. REAGAN, DISTRICT JUDGE**